# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Dana R. Ard, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:18-cv-00168-TMC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Andrew M. Saul, Commissioner ) | |
| of Social Security[1], ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiff Dana R. Ard's motion for attorney fees under 42 U.S.C. § 406(b), seeking attorney's fee in the total amount of $22,053.62 which Plaintiff contends represents 25% of the back benefits awarded to Plaintiff. (ECF Nos. 39; 39-1 at 1). The Commissioner has filed a response informing the court that he does not object to Plaintiff's motion for fees in the amount of $22,053.62. (ECF No. 41).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the petition and these factors, the court finds that an award of $22,053.62 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill who was the Acting Commissioner of Social Security when this action was filed.

twenty-five percent (25%) of any past-due benefits. (ECF No. 39-4 at 1). Plaintiff was awarded $88,214.50 in back benefits, and twenty-five percent (25%) of this award, or $22,053.62, was withheld for attorney's fees. (ECF Nos. 39-1 at 1–2; 39-5 at 3). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested total fee of $22,053.62 does not exceed twenty-five percent (25%) of the past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 48.1 hours working on this matter at the court level. (ECF Nos. 39-3 at 5; 39-6 at 3). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 39) is granted, and Plaintiff is awarded a total of $22,053.62 in attorney's fees.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 9, 2020
Anderson, South Carolina

---

[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee [,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted). Plaintiff was previously awarded $9,000.00 in attorney's fees under the EAJA. (ECF No. 38). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $9,000.00 immediately after he receives the payment of the § 406(b) fees.